UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARLENE STARKS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  No. 4:22-cv-00752-SEP |
| | ) |
| THE STANDARD FIRE INSRUANCE | ) |
| COMPANY, and LUIS VIVEROS, | ) |
| | ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

Before the Court are Plaintiff's Motion to Amend the Complaint, Doc. 12, and Motion to Remand, Doc. 11.  For the reasons set forth below, both motions are denied.

#### FACTS AND BACKGROUND

On November 22, 2021, Plaintiff was driving in St. Louis, MO, when Melvin Cooper, an uninsured motorist, collided with the rear of her vehicle.  On March 11, 2022, Plaintiff filed an uninsured motorist claim with her insurer, Defendant The Standard Fire Insurance Company.  On April 11th, Standard Fire offered to settle that claim for $14,100.  Plaintiff declined the settlement offer and filed this action in Missouri state court on May 23rd.

On July 14th, Defendants removed the action to this Court under the federal diversity jurisdiction statute, 28 U.S.C. § 1332, and alleged that the amount-in-controversy requirement was satisfied because Plaintiff sought:  (1) up to the $75,000 cap available under her Standard Fire Insurance Policy, Doc. 8 ¶ 37; (2) "over [$25,000]" in statutory damages and attorneys' fees for vexatious refusal to pay, *id.* ¶ 55; and (3) "in excess of $25,000" in damages for tortious interference, *id.* ¶ 56.  *See* Doc. 1 ¶ 4.  On August 11th, Plaintiff filed a Motion to Amend the Complaint, requesting that the Court allow her to limit her damages to $75,000 and to remove "Count III."[1]  *See* Doc. 12.  Plaintiff contemporaneously filed a Motion to Remand and argued that because her Amended Complaint would limit her damages to $75,000—an amount below the jurisdictional threshold—the Court should remand the case

---

[1] No count is identified as "Count III" in the Complaint.  The Court understands Plaintiff to be referring to the third count listed in the Complaint, entitled "Count IV – Tortious Interference With A Contract," Doc. 8 at 7, as to which there is a pending unopposed motion to dismiss, Doc. 5.

1

back to state court. *See* Doc. 11. Defendant responded that the amount in controversy exceeded $75,000 on the face of the Complaint, and that Plaintiff's Motion to Amend constituted an improper attempt to avoid federal jurisdiction. *See* Doc. 13.

## LEGAL STANDARD

The removing defendant bears the burden of establishing federal jurisdiction, *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citing *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005)), but that burden is a pleading requirement, not a demand for proof. *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019). The defendant has the burden to establish "not whether the damages [sought] *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Pirozzi*, 938 F.3d at 984 (quoting *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012)). While additional evidence may be necessary to demonstrate that removal is proper in some cases, "[i]n other cases . . . it may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum[.]" *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020) (quotation marks and citation omitted).

## DISCUSSION

"It is axiomatic [that] the court's jurisdiction is measured . . . at the time of removal," *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011), and with respect to the amount in controversy, unless challenged by the court or defendant, the plaintiff's good-faith, plausible factual allegations regarding the value of her claim are usually dispositive, *see id.*; *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938) ("[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of removal."); *Burns v. Massachusetts Mut. Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987) ("a plaintiff's good faith allegation is to be taken as true unless challenged"); *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (8th Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)) ("*Once* the proponent of federal jurisdiction has explained *plausibly* how the stakes exceed [the jurisdictional threshold], *then* the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (emphasis added).

2

Plaintiff's Complaint plausibly alleges damages in excess of $75,000. *See* Doc. 8 ¶¶ 33-35, 37, 49-52, 55, 56. In Count I, Plaintiff alleges that as a result of the accident, she suffered "severe and permanent injuries to [her] cervical spine, thoracic spine and lumbar spine," Doc. 8 ¶ 33; she received "extensive physical therapy and MRIs," *id.* ¶ 34; she "is consistently plagued by pain in the neck, mid back and low back," *id.* ¶ 35; and she has "incurred and will incur medical expenses, lost wages, and general emotional distress and suffering," *id.* ¶ 37. Although Plaintiff's Insurance Policy limits the amount recoverable on uninsured motorist claims to $25,000, that coverage limit stacks pursuant to the three vehicles listed in the Policy. *See* Doc. 1 ¶ 4. Count I alone could thus plausibly result in $75,000 in damages. In Count II, Plaintiff alleges that Defendant assigned a value to her claim that it will not disclose, *id.* ¶¶ 48, 53; that assigned value exceeds the $14,100 settlement offer, *id.* ¶ 51; and Defendant has refused to pay her the full amount at which it values her claim, *id.* ¶ 54. Plaintiff requests "over Twenty-Five Thousand Dollars ($25,000)" in statutory damages under section 375.296 and 375.420 of the Missouri Revised Statutes. *Id.* ¶ 55. In Count III, Plaintiff alleges that co-Defendant Luis Viveros tortiously interfered with the contract between her and Standard Fire, causing a breach thereof. *Id.* ¶ 56. She seeks damages "in an amount in excess of $25,000." *Id.* Because "[t]ortious interference with contract involves acts that are ethically and morally reprehensible," both actual and punitive damages may be awarded to a prevailing plaintiff. *Environmental Energy Partners, Inc. v. Siemens Bldg. Techs., Inc.*, 178 S.W.3d 691, 697, 705, 708, 714 (Mo. Ct. App. 2005) (affirming award of $26,100 in actual damages and $500,000 in punitive damages for tortious interference with contract claim). Plaintiff's damages in Count III could thus plausibly exceed the requested $25,000.

Where, "as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of [her] pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co.*, 303 U.S. at 291. "[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of [her] volition, do not oust the district court's jurisdiction once it has attached." *Id.* The Court may distinguish between "subsequent *events* that *change* the amount in controversy" post-removal, and "subsequent *revelations*" that merely *explain* that the amount in controversy at the time of removal was in fact below the threshold. *Schubert*, 649 F.3d at 823 (quoting *State Farm Mut. Auto Ins. Co. v. Powell*, 87 F.3d

93, 97 (3d Cir. 1996)) (emphases added).  While the former is impermissible, the latter is permissible, but only to the extent that it "clarifies, rather than amends, the original pleading." *Schaper v. Safeco Ins. Co. of Illinois*, 2021 WL 1750144, at *1 (E.D. Mo. May 4, 2021) (citing *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963 (8th Cir. 2016) (per curiam)).

Plaintiff's attempt to amend her Complaint is of the impermissible variety.  As noted above, the Complaint plausibly alleges in excess of $75,000 in potential damages.  In her demand letter to Standard Fire, even Plaintiff acknowledged her intention to seek "a jury verdict and judgment in excess of the [$75,000] policy limits," and warned Defendant to "make sure the reserves are set on this case for a minimum of $75,000," because she "plan[ned] to ask the jury for an amount in excess of $75,000."  Doc. 1-4 (Defs. Ex. D, Plaintiff's Demand Letter); *see Burnham v. Summers*, 2009 WL 2231677, at *2 (E.D. Mo. July 24, 2009) (citing *Williams v. Safeco Ins. Co. of Am.*, 74 F. Supp. 2d 925, 929 (W.D. Mo. 1999) ("Courts can and do consider demand letters in determining whether the jurisdictional amount threshold has been met in removed cases.").  Thus, at the time of removal, the amount in controversy exceeded the jurisdictional threshold.

In her Motion to Amend, Plaintiff impermissibly attempts to avoid federal jurisdiction.  The Motion does not identify any allegations that are in need of clarification; nor does it otherwise make clear that the amount-in-controversy threshold was not in fact met at the time of removal.  Rather, the proposed amendments would entirely alter the damages previously and plainly alleged in the Complaint, limiting them after-the-fact to $75,000 or less.  Therefore, even if the Court were to grant the Motion to Amend, because the Court's jurisdiction already attached at the time of removal, the proposed post-hoc damages limitations would be inconsequential "subsequent events"—as opposed to "subsequent revelations" demonstrating that the Court never had jurisdiction at all—and would not deprive the Court of diversity jurisdiction.  *Schubert*, 649 F.3d at 823.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. 11, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend the Complaint, Doc. 12, is **DENIED without prejudice**.  If Plaintiff still wishes to dismiss her tortious interference with contract claim against Defendant Viveros, she may do so by filing a notice of dismissal,

4

a new motion to amend (along with a red-lined copy of the proposed amended complaint), or a belated response conceding the merits of Viveros's Motion to Dismiss, Doc. 5.

Dated this 13th day of September, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE