UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARLENE STARKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-00752-SEP |
| | ) |
| THE STANDARD FIRE INSRUANCE | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff's motion for leave to file an amended complaint, Doc. 23. In the proposed amended complaint, Plaintiff alleges that she "is a lawful resident of the State of Missouri," Doc. 23 ¶ 1; that Defendant The Standard Fire Insurance Company "is organized under the laws of the state of Missouri," *id.* ¶ 2; that Defendant Luis Viveros "is an agent of The Standard," *id.* ¶ 6; and that Defendant Melvin Cooper[1] "is a resident of the State of Missouri." Doc. 23 ¶ 9.[2] None of those allegations establishes any of the parties' citizenship.

An individual is a citizen of the state in which she is physically present and intends to remain indefinitely. *See Blakemore v. Missouri Pacific R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986). "When it comes to diversity jurisdiction, the words 'resident' and 'citizen' are not interchangeable." *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (citing *Dubach v. Weitzel*, 135 F.3d 590, 593 (8th Cir.1998)). "Citizenship requires permanence." *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (quotation marks and citation omitted). "Residency is a more fluid concept." *Id.* (citation omitted). While "[o]ne could, for

---

[1] Plaintiff seeks to file the amended complaint primarily to add Cooper as a new defendant.

[2] The original complaint also failed to allege the citizenship of any of the parties. *See* Doc. 8 ¶¶ 1-8. Because this action was removed from state court by Defendants—who properly alleged each party's citizenship, without challenge from Plaintiff, in their Notice of Removal, *see* Doc. 1 ¶ 3—the Court did not raise this issue at that time. *See Dart Cherokee Basin Operation Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (28 U.S.C. § 1446(a) tracks the general pleading requirement stated in Rule 8(a) and, unless challenged by the plaintiff, requires only that a defendant provide a short and plain statement identifying the grounds for removal). In her Motion to Remand, Plaintiff challenged only the amount in controversy, not citizenship. *See* Doc. 11.

example, be a resident of multiple states," "one may be a citizen of just one state." *Id.* (citation omitted).

"[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Accordingly,

**IT IS HEREBY ORDERED** that the Court will hold Plaintiff's motion, Doc. 23, in abeyance, and grant Plaintiff **seven (7) days** to substitute a new proposed amended complaint that properly alleges the citizenship of all parties to the lawsuit.

Dated this 26th day of September, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE