# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARLENE STARKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:22-cv-00752-SEP |
| THE STANDARD FIRE INSURANCE COMPANY, et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's motions for leave to file an amended complaint. Docs. [23], [25]. For the reasons set forth below, the Court denies the motions.

### BACKGROUND

Plaintiff Darlene Starks sued Defendants Standard Fire Insurance Company, her insurer, and Luis Viveros, a claims adjuster for Standard Fire, in St. Louis County Circuit Court, primarily alleging that Standard Fire failed to pay uninsured motorist benefits after a car accident with nonparty Melvin Cooper. Doc. [8] ¶¶ 1, 9-20, 56. Defendants removed the case from state court pursuant to the federal diversity jurisdiction statute, 28 U.S.C. § 1332. In their notice of removal, Defendants alleged that complete diversity existed among the parties because Starks is a citizen of Missouri, Standard Fire is a citizen of Connecticut, and Viveros is a citizen of Kansas. *See* Doc. [1] ¶ 3. After removal, Starks filed a motion to remand the case to state court, as well as a related motion to amend her complaint. Docs. [11], [12]. The Court denied both motions. Doc. [16]. Later, Starks filed a second motion for leave to amend her complaint to add Melvin Cooper, the uninsured driver, as a defendant. Doc. [23]. The Court informed Starks that her proposed amended complaint failed to properly allege the citizenship of any of the parties and held the motion in abeyance. Doc. [24]. Starks then filed another motion for leave to amend her complaint. Doc. [25]. The proposed amended complaint submitted with this most recent motion properly alleges the citizenship of Starks and Cooper, both Missouri citizens. *See* Doc. [25-1] ¶¶ 1, 9. But despite the Court's instructions, Plaintiff's second proposed amended complaint still fails to properly allege the citizenship of Defendants Standard Fire and Viveros. *See* Doc. [25] ¶¶ 2-8.

#### STANDARD

The Court "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Federal Rule of Civil Procedure 20, the permissive joinder rule, "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). But in a case previously removed on the basis of diversity, the Court must scrutinize a plaintiff's proposed amendment that joins a new, nondiverse defendant. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

To determine whether to permit a joinder that would destroy subject matter jurisdiction the Court must "consider 1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (quoting *LeDuc v. Bujake*, 777 F. Supp. 10, 12 (E.D. Mo. 1991)) (alterations in original). The Court has no choice but to permit joinder and remand if the plaintiff seeks to add an *indispensable* defendant whose joinder would destroy jurisdiction. *Bailey*, 563 F.3d at 308. The basic test for indispensability is whether a party's "absence would render a judgment infirm, defective, or unfairly prejudicial in some fashion." *Spirit Lake Tribe v. N. Dakota*, 262 F.3d 732, 746 (8th Cir. 2001); Fed. R. Civ. P. 19.

#### DISCUSSION

Starks fails to establish that Cooper is an indispensable defendant under Federal Rule of Civil Procedure 19. Starks does not explain how Cooper's absence from this suit "would render a judgment [against Defendants] infirm, defective, or unfairly prejudicial in some fashion." *Spirit Lake Tribe*, 262 F.3d at 746. Starks cites no legal authority supporting the proposition that the uninsured motorist is a necessary party to an action seeking uninsured motorist benefits from an insurer, and the Court's own research has yielded no such authority. *Cf. Oates v. Safeco Ins. Co. of Am.*, 583 S.W.2d 713, 717 (Mo. 1979) ("Oates's claim against SafeCo under the uninsured motorist clause is a separate and distinct cause of action from Oates's tort claim against the uninsured motorist.").

2

As to Rule 20's permissive joinder requirements, the Court assumes without deciding that Starks's proposed negligence claim against Cooper and Starks's current claims against Standard Fire and Viveros all arise out of the same transaction or occurrence—the circumstances surrounding Starks and Cooper's car accident—and thus involve common questions of law or fact. However, because the proposed amendment would destroy the Court's jurisdiction, the Court must apply the *Bailey* factors set out above to determine whether to permit the amendment. Here, the *Bailey* factors counsel against granting leave.

As to the first *Bailey* factor, Defendants allege that Starks "seeks to add the [uninsured] motorist in an admitted effort to destroy diversity," Doc. [27] at 3, and the Court agrees. Defendants assert that Starks "has always known" of Cooper's identity and any potential claims against him. *Id.* at 4. In reply, Starks does not deny that the purpose of the amendment is to defeat this Court's jurisdiction, observing only that "Plaintiff cannot help the fact that adding an indispensable and proper party under a recognized cause of action would defeat diversity." *Id.* at 5; *compare Medina v. Oanda Corp.*, 2017 WL 1159572, at *1 (N.D. Cal. Mar. 29, 2017) ("In evaluating motive, courts have considered whether a plaintiff has provided an explanation for why the allegations against the non-diverse defendant were not previously alleged."). Considering that Cooper is not an indispensable party and that Plaintiff offers no plausible alternative explanation for the timing of the proposed joinder, the Court finds that the purpose of the proposed amendments is to defeat federal jurisdiction. *See Davis v. Owners Ins. Co.*, 29 F. Supp. 3d 938, 943 (E.D. Ky. 2014). Thus, the first *Bailey* factor weighs against granting leave to amend.

Addressing the second *Bailey* factor, Defendants argue that the roughly "2-month delay" from the time that Defendants removed the case to the time Starks first sought leave to add Cooper as a party "does not weigh in favor of amendment or remand." Doc. [27] at 4. Plaintiff, without authority, states that "[t]he timing of Plaintiff's motion to amend is irrelevant to the issue at hand." Doc. [28] at 5. In *Davis*, the court held that a two-month delay when the plaintiff had previous knowledge of the party it was attempting to implead "does not weigh in favor of joinder or denial of joinder." 29 F. Supp. 3d at 944. The Court agrees with this analysis and concludes that the second *Bailey* factor is neutral.

Finally, as to the third *Bailey* factor, Starks would not be "significantly injured" if the Court denies her leave to amend. Starks complains that denial of her motions to amend would

3

result in prejudice to her because she would be forced to litigate a separate state-court suit against Cooper.  Doc. [28] at 8.  But that type of prejudice results virtually every time a court denies a plaintiff leave to add a diversity-destroying party.  Thus, the mere fact that Starks might have to litigate more than one lawsuit, without more, does not establish significant injury, and the final *Bailey* factor does not weigh in favor of permitting joinder.  *See Le Duc*, 777 F. Supp. at 12 (E.D. Mo. 1991) ("Finally, there is no indication that plaintiff will be significantly injured if the amendment is not permitted.  Plaintiff is free to pursue her claim against [defendant] in the state courts. . . .").  Moreover, to the extent the risk of having to maintain two lawsuits weighs in favor of permitting the amendment, the proposed amendment's obviously diversity-destroying purpose outweighs that risk.  Thus, with due consideration of the *Bailey* factors, the Court concludes that it should not grant leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions for leave to file an amended complaint are **DENIED**.  Docs. [23], [25].

Dated this 23rd day of November, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE